John IDDINGS, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 1–681A206.

Court of Appeals of Indiana, First District.

Oct. 28, 1981.

Rehearing Denied Jan. 6, 1982.

Winston T. Hay, Lebanon, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

John D. Iddings appeals his conviction for armed robbery, for which he received an eight (8) year sentence.

We reverse.

One of several issues which Iddings has raised on appeal is that his right to counsel under the Sixth Amendment of the Constitution was interfered with by the State's use of an informant. We agree with his argument.

While Iddings was in custody at the Boone county jail, the Boone county sheriff recruited another inmate to gather information from his fellow prisoners and to report it to him. In return, the sheriff told the informant, who was involved in plea negotiations, that he would try to help him with charges pending against him. The sheriff made a request for information about Iddings. The informant engaged in conversations with Iddings, who told him about the gas station robbery with which he was charged. In particular, Iddings told the informant that he had used a shotgun, that he had taken approximately five hundred dollars ($500.00) from the station, and that the gas station attendant was frightened. The informant testified to these facts at trial.

The Supreme Court addressed this issue in *United States v. Henry*, (1980) 447 U.S. 264, 100 S.Ct. 2183, 65 L.Ed.2d 115, and concluded that:

> By intentionally creating a situation likely to induce Henry to make incriminating statements without the assistance of counsel, the Government violated Henry's Sixth Amendment right to counsel.

447 U.S. at 274, 100 S.Ct. at 2189.

In *Henry*, the informant was paid on a contingent basis for his services and, as a fellow inmate, engaged in conversations with Henry in which Henry made incriminating statements. The Court looked at three factors to determine if the government had "deliberately elicited" incriminating statements from Henry.

> Three factors are important. First, Nichols was acting under instructions as a paid informant for the Government; second, Nichols was ostensibly no more than a fellow inmate of Henry; and third, Henry was in custody and under

indictment at the time he was engaged in conversation by Nichols.

447 U.S. at 270, 100 S.Ct. at 2186.

The only distinction we find between *Henry* and the case at bar is that the informant in *Henry* was paid in cash and the informant in this case was promised assistance with charges pending against him. The informant was acting under the sheriff's instructions, the informant was ostensibly no more than a fellow inmate of Iddings, Iddings had been charged, and was in custody at the time he spoke with the informant. Unlike the State, we do not think this distinction is meaningful.

Nor do we think it is important that the informant did not tell authorities about Iddings' statement until after he was convicted. He received the evidence at a time when he was attempting to discover information in exchange for favorable treatment, *at the sheriff's direction.*

Therefore, the trial court erred by allowing the introduction of the informant's testimony and related evidence.[1] In view of the damaging nature of the questioned evidence, and the fact that a single eyewitness provided the remaining incriminating evidence, we think it is clear Iddings was prejudiced by this error.

For these reasons, the judgment of the court below is reversed and this case is remanded for further action consistent with this opinion.

Reversed and remanded for a new trial.

NEAL, P. J., and RATLIFF, J., concur.

---

1. We note that this is not a case where the defendant, aware of whom he was speaking to, made a voluntary statement which was incriminating; nor would the rationale in this opinion apply to pre-arrest and pre-indictment situations where a criminal speaks to undercover agents. In these situations, the statement would of course be admissible.